# Exhibit B

**RIDGELINE RESEARCH**
Investments. Ideals. Innovation. Integrity.

December 18th, 2024

Airbnb, Inc.
Company Secretary
888 Brannan Street
San Francisco, California 94103

### Authorization to File Shareholder Proposal and other Supplemental Information

Dear Corporate Secretary,

In accordance with Securities and Exchange Commission Rule 14a-8 (17 CFR § 240.14a-8)

1. I, William Flaig, on behalf of American Conservative Values ETF ("ACVF") hereby authorize Ridgeline Research LLC ("Representative") to file a shareholder proposal on behalf of ACVF ("Proponent") with Airbnb, Inc. ("the Company") for inclusion in the Company's 2025 proxy statement.

2. Proponent gives Representative authority to handle, on the Proponent's behalf, submitting the proposal and to otherwise act on Proponent's behalf for any and all aspects of the shareholder proposal, including drafting the proposal and handling any correspondence, meetings, or agreements with the Company. Proponent understands that the Proponent's name may appear on the Company's proxy statement as the filer of the aforementioned proposal, and that the media may mention the Proponent's name in relation to the proposal.

3. The proposal at issue relates to Respecting Civil Liberties in Digital Services.

4. Proponent supports this proposal.

5. Proponent has continuously owned $25,000 worth of the Company's securities entitled to vote on the proposal, for at least 1 year and intends to continue holding the requisite amount of securities through the date of the Company's 2025 annual meeting of shareholders. A Proof of Ownership letter is forthcoming and will be delivered once the company confirms receipt of this proposal and its submission date.

6. I am able to meet with the Company via teleconference under the time frame set forth in Rule 14a-8. I initially propose the following times for a telephone conference to discuss this proposal:

    Meeting Time 1: January 8th, 2025 @11:00 PST
    Meeting Time 2: January 9th, 2025 @10:00 PST

If these times prove inconvenient, please suggest some other times to meet. Feel free to contact me at wflaig@ridgelineresearch.com so that we can determine the mode and method of communication.

William E. Flaig, Jr.
Founder & CEO

Ridgeline Research LLC • 9711 Washingtonian Blvd, Suite 550 • Gaithersburg, MD 20878
(301) 685-7121 • wflaig@ridgelineresearch.com • ridgelineresearch.com

2

Copies of correspondence or a request for a "no-action" letter should be sent to me at the Ridgeline Research LLC 9711 Washington Blvd., Suite 550 Gaithersburg, MD 20878, and emailed to me at wflaig@ridgelineresearch.com

Sincerely,

_____

William Flaig,
On behalf of American Conservative Values ETF

Enclosure:  Shareholder Proposal

2

**Respect Civil Liberties in Digital Services**

**Supporting Statement:**

Digital service providers (DSPs) control access to critical services and platforms that drive innovation in the American economy and facilitate expression and the open exchange of information across the globe. These companies have unprecedented power to censor speech. And they are under increasing pressure to remove unpopular religious and political views from the marketplace.

Respecting fundamental freedoms, like free speech and religious liberty, drives healthy discourse and tolerance for diverse views. Airbnb can and should promote these freedoms to best serve its diverse users and promote a healthy market and marketplace of ideas. Economic growth also requires innovation, and that requires the freedom to challenge the status quo. If DSPs build their own social credit system, they are going to lock out Americans from some of the best tools for innovation and growth.

But recent events and DSPs' own policies suggest that users' and customers' freedom of expression and religion are at risk. In addition to concerning revelations of collusion with government at companies like Meta and Twitter to censor constitutionally protected speech,[1] the 2024 edition of the Viewpoint Diversity Business Index[2] found that every one of the largest DSPs, including Airbnb, have policies that permit them to deny or restrict service based on vague and subjective terms like "misinformation," "hate speech," "intolerance," or "reputational risk." Airbnb, for example, prohibits users who are "leaders of hate groups" or engage in speech that Airbnb considers "hateful."[3] And it has taken significant negative press for enforcing the policy against figures like Laura Southern[4] and Michelle Malkin.[5]

These kinds of terms encourage tech companies—and activists and governments who may pressure them—to deny or restrict service for arbitrary or discriminatory reasons. They also let the companies avoid accountability by hiding censorship behind vague and shifting standards.

When DSPs engage in this kind of discrimination, they expose themselves to heightened legal liability and hinder the ability of Americans to access the marketplace. This undermines the fundamental freedoms of our country and is an affront to the public trust.

Airbnb also maintains a non-discrimination policy.[6] The shareholders need to know that Airbnb is adhering to its own standards by serving diverse customers without regard to their beliefs or other factors above.

---

[1] https://www.usatoday.com/story/money/2023/09/08/biden-administration-coerced-facebook-court-rules/70800723007/
[2] https://viewpointdiversityscore.org/business-index
[3] https://www.viewpointdiversityscore.org/company/airbnb
[4] https://www.foxnews.com/media/airbnb-admits-mistake-banning-controversial-youtubers-parents-using-service
[5] https://prescottenews.com/2022/02/06/opinion-why-airbnb-banned-me-and-my-hubby-too-michelle-malkin/
[6] https://www.airbnb.com/help/article/2867

**Resolved**: Shareholders request that the Board of Directors of Airbnb conduct an evaluation and issue a report within the next year, at reasonable cost and excluding proprietary information and disclosure of anything that would constitute an admission of pending litigation, evaluating how it oversees risks related to denying or restrict service to users or customers based on their religious or political status or views under "hate speech," "misinformation," and related policies, other terms of use or content management policies, or any other policies or practices, and how such discrimination impacts users, customers, and other individuals' exercise of their constitutionally protected civil rights.

